UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 99-4565

BRIAN KEITH STURGEON,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CR-98-402)

Submitted: April 28, 2000

Decided: June 5, 2000

Before MURNAGHAN, MICHAEL, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Joseph W. Kaestner, KAESTNER & PITNEY, P.C., Richmond, Vir-
ginia, for Appellant. Helen F. Fahey, United States Attorney, David
T. Maguire, Assistant United States Attorney, G. Russell Stone,
Assistant United States Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Brian Keith Sturgeon appeals his conviction entered after a jury trial for wire and mail fraud in violation of 18 U.S.C. §§ 1341 & 1343 (1994), a related conspiracy charge in violation of 18 U.S.C. § 371 (1994), money laundering in violation of 18 U.S.C.§ 1956(a)(1)(A)(i) (1994), and making a false declaration to a grand jury in violation of 18 U.S.C. § 1623 (1994). On appeal, Sturgeon contends that the district court erred in denying his motions for judgment of acquittal on the money laundering and conspiracy counts. Finding no error on the part of the district court, we affirm.

This Court reviews the district court's decision to deny a motion for judgment of acquittal de novo. See United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998), cert. denied, 525 U.S. 1141 (1999). Where, as here, the motion is based on insufficient evidence, the relevant question is not whether the reviewing court is convinced of guilt beyond a reasonable doubt, but rather whether the evidence, when viewed in the light most favorable to the government, was sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. See United States v. Burgos, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc); United States v. Glasser, 315 U.S. 60, 80 (1942). If substantial evidence exists to support a verdict, the verdict must be sustained. See Glasser , 315 U.S. at 80. After a careful review of the record, we are satisfied that the credit card purchases that were the subject of the money laundering counts involved the proceeds of a specified unlawful activity and were therefore sufficient to provide the basis for Sturgeon's conviction. See United States v. Wilkinson, 137 F.3d 214, 220 (4th Cir. 1998). Similarly, the circumstantial evidence of Sturgeon's agreement to join the criminal conspiracy provided ample evidence on which a rational trier of fact could find the elements of the conspiracy offense. See United States v. Burgos, 94 F.3d 849, 858 (4th Cir. 1996) (en banc).

Finding no merit to either of Sturgeon's assignments of error, we affirm his conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the

2

materials before the court and argument would not aid the decisional process.

AFFIRMED

3

i